IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 13-249 |
| v. | ) | Hon. Nora Barry Fischer |
| | ) | |
| MR. ELAM SOKOL, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OF COURT

AND NOW, this 19th day of February, 2013, upon consideration of Plaintiff Victoria Greene's Pro Se Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of Pro Se Plaintiff Victoria Greene ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, without prejudice, for lack of subject matter jurisdiction.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28

U.S.C. § 1332.  "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

In this Court's estimation, Plaintiff's Complaint fails to establish the existence of federal jurisdiction as there is no basis for the exercise of federal question jurisdiction under 28 U.S.C. §§ 1331 or 1332.  Initially, the Court finds that the allegations in Plaintiff's Complaint are insufficient to establish federal question jurisdiction.  In this regard, the Complaint alleges, among other things, that Plaintiff's "civil rights" were violated by the Defendant.  If actionable, a "civil rights" claim would be properly brought under 42 U.S.C. § 1983, a federal statute, conferring subject matter jurisdiction under 28 U.S.C. § 1331.  However, "to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005).  Here, Plaintiff has not identified any specific federal constitutional or statutory right that was violated by the Defendant.  (Docket No. 1-2).

She has likewise pled no facts from which the Court could reasonably conclude that Defendant is a state actor potentially subject to suit under § 1983.  "A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir.1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).  Under this test, Defendant Elam Sokol does not qualify as a state actor because: (1) he is a private individual; (2) there are no allegations that Sokol acted with any state officials; and (3) none of the alleged

conduct constitutes actions chargeable to the state. (*See* Docket No. 1-2). Therefore, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 and, thus has not demonstrated that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See Leshko*, 423 F.3d at 339.

The Court further finds that Plaintiff has likewise failed to establish that the Court may exercise subject matter jurisdiction over this case based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has attempted to set forth state law claims of "misrepresentation of a fraudulent lease, false claims of escrow account of the Plaintiff, harassment, coerced sexual harassment of a single woman, intimidation, harassment." (Docket No. 1-2). Assuming that these are valid state law claims, this Court lacks subject matter jurisdiction to hear them because the parties are not diverse as Plaintiff admits that both she and Defendant Sokol are residents of Pittsburgh, Pennsylvania and the United States. (*Id.*). Further, Plaintiff specifically claims damages of only $60,000, which is less than the $75,000 threshold sufficient to establish diversity jurisdiction. (Docket No. 1-2). Plaintiff also avers that she is requesting "interest, homeless damages, dog, damage, emotional damages, court cost damages, U.S. Marshal fees, punitive damages, (escrow account) of $3700 of Plaintiff, my name clear for future harm," however it is unclear that these stated damages are recoverable or could be quantified in a manner sufficient to exceed the jurisdictional amount. (*Id.*). As such, Plaintiff has not met her burden to show that the parties are completely diverse or that the damages requested exceed the $75,000 statutory threshold; thus, she has not established that this case is properly brought under 28 U.S.C. § 1332. *See McCracken*, 335 F.App'x. at 162-163.

For these reasons, Plaintiff has failed to meet her burden to establish subject matter jurisdiction. Therefore, Plaintiff's Complaint is DISMISSED, without prejudice. *See* FED. R.

CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court is directed to mark this case CLOSED.

                                                *s/Nora Barry Fischer*
                                                Nora Barry Fischer
                                                United States District Judge

cc:      Victoria Greene
           318 Washington Road
           Apartment #3309
           Pittsburgh, PA 15216
            (regular and certified mail)